CALIFORNIA SAFE–DEPOSIT & TRUST CO. v. CHENEY ELECTRIC
LIGHT, TELEPHONE & POWER CO. et al.

(District Court, D. Washington, E. D.  April 25, 1893.)

No. 160.

**1.** MORTGAGES—FORECLOSURE—QUESTIONS DETERMINABLE—PARTIES.

In a foreclosure suit only the rights and interests under the mortgage and subsequent to it can be determined, and a third person who claims a paramount and independent title is not a proper party to the suit.

**2.** SAME—REMOVAL OF CAUSES—REMAND.

In a foreclosure suit brought in a state court a third person was made a party as claiming some interest unknown to complainant. The third person, being a nonresident, voluntarily appeared, and removed the cause to a federal court on the ground of a separable controversy, setting up a claim which was independent of and paramount to the mortgage. *Held,* that such a claim could not be litigated in the foreclosure suit, and, as the first step of the federal court, if it retained the cause, would be to dismiss the removing party, leaving the case to proceed between parties who had not invoked the federal jurisdiction, the cause would be remanded without any action whatever.

In Equity.  On motion to remand to the state court.  Granted.

Post & Avery, for plaintiff.
Voorhees & Stevens, for defendants.

HANFORD, District Judge, (orally.)  In case No. 160,—the California Safe-Deposit & Trust Company vs. Cheney Electric Light, Telephone & Power Company, Edison General Electric Company, and others,—removed to this court from the superior court of Spokane county, a motion has been made to remand for want of jurisdiction in this court.  This suit was brought by the plaintiff to foreclose a mortgage.  After the case had been pending some months in the superior court affidavits were filed on behalf of the plaintiff, alleging that the Edison General Electric Company claimed an interest in the mortgaged property, which fact was unknown to the complainant at the time of filing the bill to foreclose the mortgage, and, on a showing, obtained leave of the superior court to file an amended bill bringing in the Edison General Electric Company as a party defendant.  The amended bill alleges nothing against the Edison General Electric Company except that it claims an interest in the mortgaged property, the nature of which is unknown to the complainant, but that whatever interest it has is subject to the mortgage.  The bill simply prays for a foreclosure of the equity of redemption, and that the property be subjected to sale to pay the debt for which the mortgage was given.  No other or particular relief is prayed for against the Edison General Electric Company.

It appears by the record that the Edison General Electric Company made a voluntary appearance in the case, demurred to the amended complaint, and filed a petition and bond to remove the cause to this court, on the ground of a separable controversy between said defendant and plaintiff, they being citizens of different states.

The petition for removal sets forth what this defendant claims to be the matter constituting the separable controversy, and from that it appears that the Edison General Electric Company claims to own part of the property mortgaged. The company claims nothing under the mortgage, but claims an independent or paramount title to the property. The only controversy the company can have in the case, therefore, is to settle the question of title.

I hold that to be a controversy not within the scope of a foreclosure suit, and therefore it is not a matter that can be litigated in this suit. The correct rule of law, as I understand it, is laid down in section 1589, 11 Jones, Mortg. This writer says:

"Where a party has a right under the mortgage, and also a right prior to it, he is not precluded in respect to the prior right by a judgment of foreclosure, though the terms of it are broad enough to cover both rights. Only the rights and interests under the mortgage and subsequent to it can properly be litigated under a bill of foreclosure. One claiming adversely to the title of the mortgagor cannot be made a party to the suit for the purpose of trying his adverse claim. If he has a claim under the mortgage also, his claim prior to it cannot be divested by the decree. This prior claim is not a subject-matter of litigation in the foreclosure suit, and remains unaffected by it. The decree is final only within the proper scope of the suit, which is to bar interests in the equity of redemption."

Now, if this court should entertain jurisdiction, holding the opinion that I do, I would dismiss the case as to the Edison General Electric Company, the party that brought it to this court, and the case should be remanded, instead of pursuing the inconsistent course of going on and determining rights between other parties which they have not sought to litigate or bring into this court. I think that the Edison General Electric Company, having this claim to the property, the property being now in the hands of a receiver appointed by the superior court, will find its remedy, if at all, by getting leave of the court which appointed the receiver to bring a suit—an independent suit—for the purpose of trying the question of title. For this reason I will grant the motion to remand the cause to the superior court.